

**Catherine Coulter**

catherine.coulter@dentons.com
D +1 613 783 9660

Dentons Canada LLP
99 Bank Street, Suite 1420
Ottawa, ON, Canada K1P 1H4

dentons.com

December 5, 2018

**SENT VIA REGISTERED MAIL & E-MAIL** [ssamsom@accuhealth.tech]

Stephen Samson
544 Pinellas Bayway South
Suite 202
St. Petersburg, FL
33715

Dear Mr. Samson:

**RE:** **Reliq Health Technologies Inc.**

We act for Reliq Health Technologies ("Reliq" or the "Company"). We understand that you were the Company's Chief Information Officer (CIO) but that you resigned your employment with the Company yesterday.

Please be advised that the Company was in the midst of preparing to terminate your employment for cause when you offered up your resignation. Among the reasons justifying a with-cause termination were the following:

- your actions against the interests of the Company in the pursuit of your own interests, in breach of your fiduciary duties to Reliq;
- your misrepresentation of material facts to management, clients and partners of Reliq; and
- your acts of coercion against the Company (demanding that Reliq sign an agreement with Evelyn Technologies LLC in October 2018 by threatening to leave and take Reliq's entire Implementation/Operations team and Director of Sales with you if an agreement was not signed, which we understand that you proceeded to do yesterday in any event).

These actions are sufficient but not comprehensive grounds upon which Reliq was preparing to terminate your employment with cause. There are additional matters that were under investigation at the time of your resignation, and Reliq reserves the right to bring claims against you in relation to all improper conduct, whether or not itemized in this letter. In addition, due to the above circumstances and the fact that you 'jumped ship before the Company had the opportunity to push you', Reliq reserves the right to treat your departure from the Company as a termination for just cause for all necessary purposes.

Subsequent to resigning your employment with Reliq you have also misappropriated Company confidential information and Company property, you have breached your contractual and fiduciary non-solicitation and non-competition covenants to the Company, you have breached your contractual and fiduciary duties of good faith to the Company, and you have publicly defamed the Company.

**EXHIBIT A-5**



More particularly, we confirm the following:

1. You were the primary individual at the Company with log-in credentials for the Company's software and IT tools (the other two individuals with log-in credentials being two of the individuals who also resigned with you yesterday and who were solicited by you to work in your competing venture), and you were the sole Super Administrator for the Company's G Suite platform. Upon your departure, you failed to turn over log-in and administration access to same and you left the Company completely shut-out of its software, IT tools and platform, which include but are not limited to email, the Company's website and the Company's Amazon hosting services.

2. You took your Company-owned laptop with you, which laptop also contains Company confidential information and trade secrets. Your failure to return Company property and your use or misuse of Company confidential information and trade secrets is a breach of the terms of your January 26, 2018 employment agreement as well as both your common law obligations and your fiduciary obligations to the Company. In the circumstances, the Company has good and sufficient reason to believe that you have breached or intend to breach these obligations.

3. Although you are now no longer an employee of the Company, we understand that you continue to have access to patient data due to your express refusal to return log-in access to the Company (so that your own unauthorized access can be revoked) and due to your failure to return your Company-owned laptop and Company confidential information. This is contrary to the *Personal Health Information Protection Act* (Ontario) and similar legislation, and we are considering any steps which may be required in terms of reporting this situation to the Information and Privacy Commissioner of Canada and other competent authorities.

4. You attempted to induce a breach of contract and you have disclosed an intention to usurp corporate opportunities by reaching out to the Company's investment bankers (Canaccord Genuity) yesterday, to advise of your "resignation", to assert that there are fundamental flaws with the Company's business and to advise that you are planning to go after the Company's business with your own new company. Among other things, we understand that you advised Canaccord Genuity that you intend to pursue two hospital opportunities in Mexico which were prospective clients of Reliq and which were only known to you by virtue of your employment with Reliq.

5. You breached Section 1 (Commitment to the Company) of your employment agreement terms and conditions, signed by you on January 26, 2018 (the "Agreement"). More particularly, you undertook that you would agree to the following: "... *devote the Employee's full working time and attention and best efforts, knowledge, skill and energy to Employee's employment with the Company. The Employee also agrees not to, without the prior written consent of the Company, assume any other employment or engage in any other business or occupation or become a director, officer, employee, agent or consultant for any other company, firm or individual while in the service of the Company.*"



dentons.com

6. You breached Section 5 (Non-Competition) of the Agreement, which states as follows: "*The Employee agrees that <u>while employed by the Company and for a period of one (1) year after the termination or cessation of the Employee's employment</u> with the Company (the "**Restricted Period**"), the Employee will not, without the express written consent of the Company, directly or indirectly, either individually or in a partnership, or jointly or in conjunction with any person:*

   (i)  *be employed as an employee, consultant, adviser or otherwise engaged by;*

   (ii) *own shares (other than publicly traded securities representing less than 5% of the total outstanding shares) in the capital of;*

   (iii) *lend money to or guarantee the debts or obligations of; or*

   (iv) *permit the Employee's name to be used by,*

   *any company, partnership or other business entity in North America engaged in the manufacture, promotion, provision, development, marketing, distribution or sale of any products or services, which are directly competitive with any products, or services of the Company.* [emphasis added]

   More particularly in relation to the above, you are one of two directors of a company called Evelyn Technologies Canada, LLC, which is an affiliate of Evelyn Technologies LLC referenced above. This alone would be sufficient to constitute a breach of both your contractual and fiduciary duties of non-competition and the requirement to act in good faith in the best interests of Reliq. However we understand that you also forced a contract between Reliq and Evelyn Technologies LLC, from which Evelyn Technologies LLC (the affiliate to your company) took a financial benefit. This particular issue will be addressed separately by way of legal action being commenced in the U.S. courts.

   In addition, it has come to the Company's attention that you have also purchased two home care agencies in Texas, and that as of August 2018 you were an owner, officer and/or director of both. Neither of these purchases were disclosed to Reliq and they also constituted a breach of your fiduciary and contractual non-competition duties.

7. You breached Section 6 (Non-Solicitation) of the Agreement, which states as follows: "*The Employee acknowledges that it is critical to the Company that it retains its employees, including programmers, developers, managers, sales representatives and other personnel. Accordingly, the Employee covenants and agrees that the Employee will not, at any time during the Restricted Period, directly or indirectly, hire or enter into any contractual arrangement with or use the services of, or attempt to obtain the withdrawal from the Company of anyone who is an employee or contract staff of the Company or anyone who has been an employee or contract staff of the Company within the preceding six (6) month period prior to the termination or cessation of employment, including by having any such persons employed through a consultant or as an independent contractor. Furthermore, the Employee acknowledges, covenants and agrees that the Employee will not at any time during the Restricted Period, directly or indirectly, take any acts*



Page 4

dentons.com

which may interfere with and/or be prejudicial to the Company's relationship with any of its existing clients, customers, suppliers or other important stakeholders or any persons who have been former clients, customers, suppliers or other important stakeholders within the preceding six (6) month period prior to the termination or cessation of employment.

More particularly in relation to the above, when you departed from Reliq yesterday you induced four Company employees and two Company consultants to follow you. We further understand that you have entered or intend to enter into a competing business with all of these individuals.

**Please be advised that you are required to <u>immediately</u> take steps to deal with all of the following matters:**

(i) Provide all login credentials for all of the software and IT tools which the Company uses. Without limiting the generality of the foregoing, this request includes the following:

<u>Login Credentials/Access Required:</u>

(a) G Suite Super Administrator privileges need to be assigned to Leo Godreault
(b) Atlassian.net Administrator credentials
(c) OneLogin Administrator credentials
(d) Amazon Web Services Administrator credentials
(e) Registrar Administrator credentials for reliqhealth.com and iugocare.com websites
(f) Wordpress Administrator credentials for reliqhealth.com and iugocare.com websites
(g) Hosting Administrator credentials for reliqhealth.com and iugocare.com websites
(h) PhaseWare Tracker Administrator credentials
(i) Administrator access to all development environments and repositories for iUGO Care and all other code base

(ii) Cease and desist any use of, access to or tampering with Company IT systems, software, digital storage or any other IT resources or networks to which you had access by virtue of your former position with the Company, and provide the Company with written confirmation of same.

(iii) Cease and desist making any false, disparaging or misleading representations about Reliq, its business and securities, and its officers, directors and employees to Reliq partners, clients, suppliers, or business prospects for any reason, and provide the Company with written confirmation of same.

(iv) Cease and desist contacting the Company's partners, clients, suppliers or business prospects for the purposes of competing with the Company, and provide the Company with written confirmation of same.

(v) Return all Company property, including but not limited to the Company laptop in your possession together with all Company confidential information and copies thereto, whether on the Company laptop or in hard copy or digital format elsewhere, and provide the Company with written confirmation of same.



Page 5

dentons.com

    (vi)    Cease using or misusing all Company confidential information and trade secrets, and provide the Company with written confirmation of same.

<u>**The Company expects you to take action in relation to each of these six issues by no later than 12:00 pm on Friday, December 7, 2018.**</u> We have instructions to commence a claim against you in the Ontario Superior Court of Justice in relation to the various causes of action set out above. That claim will seek significant damages as well as an interlocutory and permanent injunction and a declaratory order.

While we do not expect our instructions to change given the scope and nature of the harms you have caused to the Company, your rectification of matters as set out in the 6 points immediately above would go a long way towards reducing the scope of the claims against you and mitigating the severity of any damages award.

Finally, given the nature and sensitivity of the information contained in Reliq's systems and on the Company's laptop, Reliq continues to consider its right and obligation to contact law enforcement in the absence of an immediate and satisfactory response from you.

Please govern yourself accordingly.

Yours truly,
**Dentons Canada LLP**

*Catherine Coulter*

Catherine Coulter
Counsel

CPC/cc

cc    James Wishart – Dentons Canada LLP
       Lisa Crossley – Reliq Health Technologies
       Paul Clote – McGinnis Lochridge